Melanie M. LAYFIELD,
Plaintiff-Appellant,

v.

BILL HEARD CHEVROLET CO. and General Motors Acceptance Corp., Defendants-Appellees.

No. 78–2034.

United States Court of Appeals, Fifth Circuit.

Dec. 3, 1979.

Rehearing and Rehearing En Banc Denied Jan. 7, 1980.

Ron S. Iddins, Columbus, Ga., for plaintiff-appellant.

Hatcher, Stubbs, Land, Hollis & Rothchild, Jerry A. Buchanan, Columbus, Ga., for Bill Heard Chevrolet Co.

Kelly, Denney, Pease & Allison, Ernest Kirk, II, Columbus, Ga., for GMAC.

Before COLEMAN, KRAVITCH and HENDERSON, Circuit Judges.

PER CURIAM:

Melanie M. Layfield appeals from orders of the United States District Court for the Middle District of Georgia denying her leave to amend her complaint and entering summary judgment against her on the counts contained in her original complaint. We affirm.

The appellant Layfield entered into a retail installment contract with Bill Heard Chevrolet Co. for the purchase of an automobile. On December 12, 1977, she filed a complaint in the district court alleging two violations of the Truth-in-Lending Act, 15 U.S.C.A. § 1601 *et seq.* Count One complained of the disclosure of a $3.00 "state inspection" fee, and Count Two challenged the disclosure of a $16.00 "documentary fee." The complaint was served upon both Bill Heard Chevrolet Co. and General Motors Acceptance Corporation (hereinafter referred to as "Bill Heard" and "GMAC").

On February 15, 1978, the appellant filed an "amendment" to her complaint, alleging violations of the Motor Vehicle Information and Cost Savings Act of 1972, 15 U.S.C.A. § 1981 *et seq.*, which requires written disclosure of odometer readings. In its answer, Bill Heard objected to the filing of the amendment without leave of court.

On March 6, 1978, after Bill Heard filed a motion for summary judgment, the appellant moved the court for leave to amend her complaint. Her proposed amendment contained two new counts in addition to the odometer violation previously asserted. One count alleged an additional truth-in-lending violation and the other purported infractions of Ga.Code Ann. 96–1003(e). The appellant filed no briefs or affidavits in support of her motion. On April 5, 1978, the district court entered orders denying leave to amend the complaint and granting summary judgment in favor of the appellees.

The appellant's first contention on appeal is that the district court erred in denying her motion for leave to amend. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." However, leave to amend is by no means automatic. The decision to grant or to deny leave to amend is within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). Under the circumstances presented here, we find no abuse of discretion in the district court's denial of the appellant's motion.

In *Lamar v. American Finance System of Fulton County, Inc.*, 577 F.2d 953 (5th Cir. 1978), this court held that "[w]hether a litigant should be permitted belatedly to tender an entirely new issue, never even suggested before, lies in the sound discretion of the trial court." 577 F.2d at 955. We affirmed the decision of the district court to disallow the introduction of a new issue when it was raised for the first time after both sides had made motions for summary judgment. One of our main concerns in that case was the duty of an attorney to prepare a case properly and to give the issues full consideration before preparing pleadings. We believe that the reasoning used in *Lamar* is equally applicable to the case at hand, particularly in view of the admission by the appellant's counsel that all of the facts relevant to the proposed amendment were known to the appellant at the time she filed her original complaint.

Furthermore, when the appellant finally filed her motion for leave to amend, she failed to supply any briefs or affidavits in support thereof. A local rule of the district court requires that all written motions be accompanied by supporting briefs and affidavits. In our opinion, the district court could properly deny leave to amend for failure to comply with the local rule. *See Waters v. Weyerhaeusar Mortgage Co.*, 582 F.2d 503 (9th Cir. 1978).

The appellant also argues that the district court erred in granting summary judgment against her on the counts contained in her original complaint. One count alleged that the appellees had committed a truth-in-lending violation by itemizing a $16.00 "documentary fee" under the "Other Charges" section of the disclosure statement rather than including such fee in the finance charge. However, the method of disclosure used by the appellees was specifically approved by this court in *Meyers v. Clearview Dodge Sales, Inc.*, 539 F.2d 511 (5th Cir. 1976). Thus the district court did not err in granting summary judgment on this count.

The appellant also attacks the failure of Bill Heard to inspect the automobile after having disclosed a $3.00 charge for such service as contravening the Truth-in-Lending Act. However, this omission does not come within the scope of truth-in-lending legislation. The stated purpose of the Truth-in-Lending Act is to "avoid the uninformed use of credit" and to allow the consumer to compare the various credit terms available to him from different sources. 15 U.S.C.A. § 1601. The $3.00 fee was disclosed to the appellant and she was actually charged that amount. The subsequent failure to perform the inspection was more in the nature of a breach of contract than a truth-in-lending violation. In any event, GMAC could not be responsible for the failure to inspect the vehicle. As an assignee of the contract between the appellant and Bill Heard, GMAC is liable only for violations which are apparent on the face of the assigned instrument. 15 U.S.C.A. § 1614.

We conclude that the district court acted within its discretion in denying the appellant leave to amend her complaint, and that summary judgment was properly granted in favor of the appellees. The judgment is

AFFIRMED.