Arnold D. PILKINGTON,
et al., Plaintiffs,

v.

UNITED AIRLINES, INC.,
et al., Defendants.

No. 92–1032–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 21, 1994.

See also 855 F.Supp. 1248.

James J. Cusack, Battaglia, Ross, Dicus & Wein, P.A., Tampa, FL, for Peter C. Gropp, III, Arnold D. Pilkington, Rick Q. Dacosta, John P. Hlavacek, William P. O'Brien.

Stephen Joshua Wein, Battaglia, Ross, Dicus & Wein, St. Petersburg, FL, James J. Cusack, Battaglia, Ross, Dicus & Wein, Tampa, FL, for Brian N. Walker, Meryl Getline, Joseph Salomone, Michael S. Custer, Leonard H. Gieschen.

Peter W. Zinober, Zinober & McCrea, P.A., Tampa, FL, Tom Jerman, O'Melveny & Myers, Los Angeles, CA, for United Airlines.

Robert T. Kofman, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Miami, FL, Alice Ruth Huneycutt, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Tampa, FL, Babette A. Ceccotti, Cohen, Weiss & Simon, New York City, Fel-

ice Busto, Marcus C. Migliore, R. Russell Bailey, Air Line Pilots Ass'n, Washington, DC, Kevin Christopher Ambler, Prevatt, Klink, Cohen & Ambler, Tampa, FL, for Air Line Pilots Ass'n, Intern.

Alice Ruth Huneycutt, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Tampa, FL, Felice Busto, R. Russell Bailey, Air Line Pilots Ass'n, Washington, DC, for Intern. and Air Line Pilots Ass'n, Master Executive Council for United Airlines.

## ORDER ON MOTION TO AMEND COMPLAINT TO ADD NEW PARTIES–PLAINTIFF

KOVACHEVICH, District Judge.

This action is before the Court on the following Motion and Responses:

1. Plaintiff's motion to amend and supporting memorandum of law, filed July 29, 1994. (Docket No. 89)

2. Defendant's, United Airlines, Inc. (hereafter United), memorandum in opposition to Plaintiff's motion for leave to amend complaint, filed August 25, 1994. (Docket No. 92)

3. Defendant's Air Line Pilots Association, International (hereafter ALPA), memorandum in opposition to Plaintiffs' motion for leave to amend complaint, filed August 26, 1994. (Docket No. 95)

### FACTS

On July 24, 1992, Plaintiffs filed their initial complaint seeking recovery based upon allegations of: Breach of Duty of Fair Representation, Tortious Interference with Business Relationships, Tortious Interference with Contracts, Breach of Contract, and Fraudulent Misrepresentation. Subsequently, Plaintiffs moved for leave to file an amended complaint adding and deleting parties and substituting Racketeer Influenced and Corrupt Organizations Act (RICO) claim for fair representation claim. This Court granted the plaintiffs' first Motion to Amend by Order dated March 21, 1994.

On July 29, 1994, plaintiffs filed the instant motion for leave to amend. What plaintiffs' attorney proposes to do by the second amended complaint is to add eight (8) new plaintiffs and allege additional acts of harassment and unlawful acts.

### DISCUSSION

#### I. Leave to Amend

■ The Federal Rules of Civil Procedure govern the amendment of pleadings. In particular, Rule 15(a) provides, that leave to amend pleadings "shall be freely given when justice so requires." Leave to amend, however, is by no means automatic. *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir.1979), *cert. denied*, 446 U.S. 939, 100 S.Ct. 2161, 64 L.Ed.2d 793 (1980). Accordingly, the decision to grant or deny leave to amend lies within the sound discretion of the district court. *Guthrie v. J.C. Penney Co.*, 803 F.2d 202, 210 (5th Cir. 1986). In exercising its discretion, the district court may consider a variety of factors including:

> [u]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Faoman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

#### II. Whether Plaintiff's Amendment Involves Undue Delay, Bad Faith, Dilatory Motives or Undue Prejudice

##### A. Undue Delay and Dilatory Motives

■ More than two (2) years after this action was filed, eight pilots employed by United now request permission to join this lawsuit as plaintiffs. All of these pilots live outside of this District, and outside the State of Florida.[1] What is especially troubling about plaintiffs' motion is that plaintiffs' counsel delayed making this request until after this Court denied United's motion to transfer. Plaintiffs' counsel clearly anticipat-

---

1. According to Plaintiffs' Motion for Protective Order at 4, filed August 19, 1994, the prospective plaintiffs reside in Illinois, Colorado, Wisconsin, California, North Carolina, Michigan, and Massachusetts.

ed adding more plaintiffs before this Court issued its ruling on the venue motion.[2] However, rather than disclose the identity of these prospective plaintiffs to this Court, plaintiffs' counsel argued that a transfer should be denied because the majority of plaintiffs lived in Florida and would be inconvenienced by a transfer. If this motion is granted, however, the clear majority of plaintiffs (12 of 17) will be non-residents. To now permit a large group of non-resident plaintiffs to join the lawsuit would only reward plaintiffs' counsel for holding back this motion until after this Court ruled upon United's motion to transfer.

### B.   Undue Prejudice

 Leave to amend should also be denied if granting the amendment would be unduly prejudicial to the non-moving party. Once again, the case at bar has been pending for over two years. There is a discovery cutoff date of June 30, 1995, and this Court has stated that this case is "nearly ready for trial."[3] However, according to the proposed Second Amended Complaint, the eight prospective new plaintiffs would, between them, add over 130 separate incidents of alleged harassment to those already alleged in the First Amended Complaint.[4] In fact, some of these incidents date back to 1985, thereby raising new legal issues regarding the statute of limitations. Moreover, because the prospective plaintiffs reside in states other than Florida, it is most likely that the witnesses, documents, and other evidence relating to these allegations will be located outside of this judicial district. Accordingly, adding new claims and new plaintiffs at this late date will unduly prejudice the defendants by prolonging discovery and make it unlikely that discovery could be completed by the discovery cutoff date of June 30, 1995.[5]

---

**2.** *See* Plaintiff's Reply to Opposition to Motion to Amend, at 9, filed October 29, 1993.

**3.** Order dated June 10, 1994.

**4.** *See* Plaintiff's Second Amended Complaint, Paragraph 47.

### III.   *Conclusion*

For the reasons set forth above, the Court finds that Plaintiffs' Second Motion to Amend is unduly delayed, dilatorily motivated, and, if granted, will prejudice defendants in this action. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint and to Add Party Plaintiffs (Docket No. 89) be **DENIED.**

**DONE AND ORDERED.**

---

**5.** Note that plaintiffs' counsel delayed the deposition of the first of the nine existing plaintiffs until August 15, 1994, and have further delayed the deposition of the ninth plaintiff until December 1994. Accordingly, to now add eight (8) more plaintiffs to this lawsuit means that these plaintiffs would not be deposed until some time in 1995.