REVISED December 16, 1999

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-60476
Summary Calendar
_____

ANGELA PARISH,

Plaintiff-Appellant,

VERSUS

DAVID FRAZIER, Individually and as Attorney for Medical Credit
Service, Inc., Also Known as Merchants Collection Service;
MEDICAL CREDIT SERVICE, INC., also known as Merchants Collection
Service,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
_____

October 13, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:

Angela Parish appeals the district court's order granting the defendants' motion for summary judgment and denying her motion for leave to amend her complaint.  For the reasons that follow, we affirm.

I.

Parish sued the defendants for Fair Debt Collection Practices Act (FDCPA) violations.  Parish's suit was predicated on a collections complaint the defendants filed against her to recover a debt Parish allegedly owed Memorial Hospital at Gulfport ("Memorial").  Defendants maintain that defendant Medical Credit

Service ("MCS") had a written contract with Memorial to collect debts for unpaid services. After Parish failed to pay Memorial the amount set forth in an itemized bill for treatment she received at Memorial, her account was forwarded to MCS for collection. When MCS failed to obtain payment from Parish, defendant Frazier filed a collection complaint in state court. Parish filed a motion to dismiss on grounds that the complaint was barred by the applicable statute of limitations. According to defendants, that motion is still pending. Defendants filed a motion for summary judgment on Parish's complaint, which the district court granted. After the defendants filed their summary judgment motion, Parish sought to amend the instant complaint to allege improper fee splitting and unauthorized practice of law by the defendants. The district court denied this motion. On appeal, Parish complains of the district court's order granting summary judgment and its order denying her motion to amend the complaint.

## II.

We first address the district court's denial of Parish's motion for leave to amend her complaint. On appeal, we review the denial of such a motion for abuse of discretion. Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981). Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." However, leave to amend "is by no means automatic." Little v. Liquid Air Corp., 952 F.2d 841, 845-6 (5th Cir. 1992); Addington v. Farmer's Elevator Mutual Insur. Co., 650 F.2d 663,666 (5th Cir. 1981); Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979). The decision "lies within the

2

sound discretion of the district court." <u>Little</u>, 952 F.2d 841, 846.

The district court found that allowing Parish to amend would unduly prejudice the defendants by increasing the delay and by expanding the allegations beyond the scope of the initial complaint. <u>See</u> <u>Little</u>, 952 F.2d 841, 846; <u>Addington</u>, 650 F.2d 663, 667; <u>Layfield</u>, 607 F.2d 1097, 1099; <u>Ferguson v. Roberts</u>, 11 F.3d 696, 706-7 (7th Cir. 1993). Also, it found that the seven month delay between the filing of the original complaint and the motion for leave to amend could have been avoided by due diligence, as plaintiff could have raised the additional claims in her complaint or at least sought to amend at an earlier time. <u>See</u> <u>Layfield</u>, 607 F.2d 1097, 1099. Plaintiff bears the burden of showing that delay was due to oversight, inadvertence or excusable neglect, and the district court found that Parish made no such showing. <u>Gregory</u>, 634 F.2d 199, 203; <u>see also</u> <u>Little</u>, 952 F.2d 841, 846.

As the district court noted, we more carefully scrutinize a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment. <u>Little</u>, 952 F.2d 841, 846 and n. 2; <u>see also</u> <u>Addington</u>, 650 F.2d 663, 667; <u>Freeman</u>, 381 F.2d 459, 469-70. Parish filed her motion to amend on the same day defendants filed their motion for summary judgment. The district court found that Parish's attempt to broaden the issues would likely require additional discovery and another motion for summary judgment, which would unduly prejudice the defendants and raise concerns about seriatim presentation of facts and issues.

The district court did not abuse its discretion in denying the motion to amend.

## III.

Next, we address the district court's grant of the defendants' motion for summary judgment. Parish appeals two aspects of the district court's order. First, she alleges that the court erred in granting the motion on the question of whether defendants violated the FDCPA, 15 U.S.C. § 1692 et seq, by suing on a time-barred debt. Second, she alleges that the court erred in granting the motion on the question of whether defendants violated § 1692e of the FDCPA by using a "false, deceptive, or misleading" practice in attaching to their collections complaint a sworn affidavit that the debt had been assigned, when in fact there was no assignment.

## A.

We review an appeal from a summary judgment de novo. River Production Co., Inc. v. Baker Hughes Production Tools, Inc., 98 F.3d 857, 859 (5th Cir. 1996); McMurtray v. Holladay, 11 F.3d 499, 502 (5th Cir. 1993). Summary judgment is proper when the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(c).

## B.

In support of her first argument, Parish cites the three year statute of limitations for a suit to collect on an account, and points out that defendants sued almost four years after the action accrued. Miss. Code Ann. § 15-1-29 (Parish actually cites Miss. Code Ann. § 11-53-81, but presumably meant to cite § 15-1-29).

4

We agree with the district court that the suit by defendants was not time barred because of the applicability of Miss. Code Ann. § 15-1-51 and Miss. Const. Art. 4, § 104. Miss. Code Ann. § 15-1-51 and Miss. Const. Art. 4, § 104 provide that the statute of limitations in civil cases does not run against the state, its political subdivisions, or municipal corporations thereof. Here, the underlying debt was owed to Memorial, a "community hospital" existing under Miss. Code Ann. § 41-13-10 et seq. As such, Memorial is a subdivision of the State of Mississippi within the meaning of Miss. Const. Art. 4, § 104 and Miss. Code Ann. § 15-1-51, and the statute of limitations would be inoperative against it. Enroth v. Memorial Hospital at Gulfport, 566 So.2d 202, 206 (Miss. 1990). Under Miss. Code Ann. §§ 19-3-41(2) and 21-17-1, even if a collection agency or attorney is retained to collect a debt, the debt is still "owed" to the municipality.

Thus, we agree with the district court that because the debt was owed to a governmental entity, the statute of limitations did not run, and the debt remains due and payable under Miss. Code Ann. § 15-1-51. As such, the suit by defendants against Parish was not time barred. Defendants did not violate the FDCPA on this basis.

C.

We next address Parish's second argument that the court erred in granting the motion on the question of whether defendants violated the FDCPA, 15 U.S.C. § 1692e, by using a "false, deceptive, or misleading" practice in attaching to their collections complaint a sworn affidavit that the debt had been assigned, when in fact there was no assignment.

5

The district court found that § 1692e(11) was not applicable, by its express terms, to a complaint or pleading. Also, even if the section were applicable, the district court found that there would have been no violation. Likewise, the court found no violation of § 1692e(12) (even assuming it applied) because the record clearly indicates that the relationship between Memorial and the defendants was that of creditor and debt collector. We agree.

The attachments to the collections complaint in question expressly indicate that Parish's debt was assigned "for collection" only and authorize the defendants to take legal action on behalf of Memorial as Memorial's agents, not in their own right. Further, the contract between Memorial and the defendants also specifies that the debt was assigned only for collection and that any amounts collected by the defendants were to be paid in full to Memorial. Thus, Memorial clearly retained control and ownership of the debt owed by Parish. The sworn affidavit was not misleading, and does not constitute a violation of the FDCPA § 1692e by the defendants.

IV.

For the above reasons, we AFFIRM the judgment of the district court.

AFFIRMED.