UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Summary Calendar
No. 00-30549

_____

Jane F. Smolensky,
Plaintiff-Appellant

versus

Grover C. McDaniel and General Electric Company,
Defendants-Appellees

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(99-CV-1849)

_____

January 5, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

        Jane F. Smolensky appeals from the district court's grant
of summary judgment and other rulings in favor of Defendants-
Appellees Grover C. McDaniel and General Electric Company.

        [*]     Pursuant to 5th Cir. Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Cir. Rule 47.5.4.

Smolensky's action is rooted in GE's decision not to hire her to fill either of two positions in the Metairie, Louisiana office of its General Electric Medical Systems Division ("GEMS"). Finding reversible error only in the grant of summary judgment to GE, we affirm in part and reverse and remand in part.

**BACKGROUND**

Smolensky is a former GE employee who worked for three different divisions of the company (but never for GEMS) over the course of 28 years, but was laid off in 1996 due to lack of work. In May, 1998, Smolensky, then age 51, applied for a position as a "Sales Secretary" at GE's GEMS unit. Smolensky was interviewed by Grover McDaniel for this position, but was ultimately not awarded the job. GE asserts that Smolensky was not hired due to a restructuring in the Metairie office, which eliminated the Sales Secretary position. Additionally, McDaniel was not impressed with Smolensky's "level of enthusiasm and teamwork spirit." In the wake of the office reorganization, the duties of the Sales Secretary were divided between a new "Parts Analyst" and the "Regional Sales Administrator." A thirty year old male was hired for Parts Analyst position.

In July 1998 the Regional Sales Administrator job opened up, and Smolensky was again interviewed. Smolensky apparently did not impress her interviewers, but this point became moot because, before a new Regional Sales Administrator could be hired, the GEMS

home office imposed a hiring freeze. Because of the hiring freeze, the Regional Sales Administrator position was filled by a part-time contract employee (a former employee of GEMS already familiar with its work) retained through an outside staffing firm.

Frustrated by her inability to secure a position with GE, Smolensky filed this lawsuit against GE and McDaniel, the GEMS Senior Operations Specialist who had initially interviewed her. To avoid federal court, Smolensky brought claims only under the Louisiana Age Discrimination in Employment Act and the constitution of Louisiana, and a breach of contract action. GE removed Smolensky's case to federal district court on both diversity and federal question (ERISA preemption) grounds.[1]

After discovery, the parties filed cross motions for summary judgment. After GE had filed its Motion for Summary Judgment, Smolensky sought leave to amend her complaint, proposing 41 new paragraphs and several new allegations. The district court granted GE's motion for summary judgment, denied both of Smolensky's motions and entered judgment with prejudice against her.

Smolensky now appeals, asserting that the district court improperly denied her motion to remand, erroneously dismissed

---

[1] At the same time that it denied Smolensky's motion to remand, the district court dismissed her claims against McDaniel, concluding that he had been fraudulently joined in the action to defeat diversity and that there was no possibility that Smolensky could recover against him. Smolensky appealed the district court's order denying remand and dismissing all claims against McDaniel, but on December 6, 1999 this court dismissed Smolensky's appeal.

Grover McDaniel, abused its discretion in denying the motion to amend her complaint, and improperly granted summary judgment to GE.

Having reviewed the parties' briefs, the district court's opinion, and pertinent sections of the record, we summarily reject certain of her contentions. First, this Court agrees with the district court that federal jurisdiction was sustainable at least on diversity grounds, and thus removal was proper. Further, because "there is no possibility that Plaintiff can recover from Defendant McDaniel" under the Louisiana age discrimination law or state constitution, we affirm the dismissal of appellant's claims against McDaniel based on the district court's reasoning and analysis. The district court's granting of summary judgment to GE on Smolensky's state constitutional and contract[2] claims was also correct. Finally, the district court did not abuse its discretion in denying Smolensky's late-filed motion to amend her complaint. Nance v. Gulf Oil Corp., 817 F.2d 1176 (5th Cir. 1987). The court did not err in deciding that it raised new factual contentions on the eve of trial inexcusably, after GE had filed its summary judgment motion. Parish v. Frazier, 195 F.3d 761, 764 (5th Cir. 1999).[3]

---

[2]   Even if the 1998 handbook applied to Smolensky, it specifically rejects that its terms create a contract with employees.

[3]   Cf. Union Planters National Leasing v. Woods, 687 F.2d 117,121 (5th Cir. 1982) (district court did not abuse its discretion in denying leave to amend more than a year after suit had been filed and after grant of summary judgment in favor of opposing party); Daves, 661 F.2d at 1024 (no abuse of discretion where district court refused leave to amend on eve of trial and proposed amendment came more than 19 months after commencement of suit); Addington, 650

4

However, a closer examination of the grant of summary judgment to GE on Smolensky's Louisiana law age discrimination claims is warranted in light of the Supreme Court's intervening decision in <u>Reeves v. Sanderson Plumbing</u>, ___ U.S. ____, 120 S.Ct. 2097 (2000).  The district court acknowledged that Smolensky has established her prima facie case for age discrimination.  What is at issue are GE's stated non-discriminatory reasons for its adverse employment decision regarding Smolensky.  See <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25 (1973); <u>Haas v. Advo Systems</u>, 168 F.3d 732, 733 (5th Cir. 1999).

The district court applied this court's pre-<u>Reeves</u> standard to Smolensky's age discrimination claims and concluded that Smolensky had not presented sufficient evidence of actual discrimination to withstand summary judgment.  The district court concluded that "while [Plaintiff-Appellant's] evidence may support an inference that the Defendant's reasons are *untrue*, it is <u>not</u> the type of 'substantial' evidence that supports a reasonable inference of *discriminatory intent*" (emphasis in original).

In the time since the district court entered this order, the Supreme Court decided <u>Reeves</u> and clarified the standard for what a discrimination plaintiff must show to rebut a defendant's

---

F.2d at 667 (district court was within the bounds of its discretion when it denied party leave to amend more than a year after the institution of the suit and where parties had already terminated discovery).

5

proffered non-discriminatory justification. The Supreme Court announced that:

> Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. . . . In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. . . . Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.

Reeves, 120 S.Ct. at 2108. The Supreme Court went on to explain that "because a prima facie case and sufficient evidence to reject the employer's explanation may permit a finding of liability, the Court of Appeals erred in proceeding from the premise that a plaintiff must always introduce additional, independent evidence of discrimination." Id. at 2109. To survive summary judgment under the Reeves standard, the plaintiff must introduce evidence sufficient to allow a reasonable fact-finder to infer that discrimination did occur. Evidence that the employer's legitimate, non-discriminatory reason for its hiring decision is false may permit or contribute to such an inference.

However, evidence that the employer's proffered justification is untrue does not guarantee the availability of an inference of discrimination. In interpreting Reeves, this Court has noted that "there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no

6

rational fact finder could conclude that the action was discriminatory." <u>Vadie v. Mississippi State University</u>, 218 F.3d 365, 374 n.23 (5th Cir. 2000). Such an instance would occur where "the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." <u>Id</u>. (citing to <u>Reeves</u>, 120 S.Ct. at 2109).

Under the somewhat more relaxed <u>Reeves</u> framework, Smolensky has barely adduced sufficient evidence to create a genuine issue of material fact as to GE's alleged discriminatory motive in not hiring her as a Parts Analyst. Smolensky concedes that there is no direct evidence of GE's discriminatory intent. The probative circumstantial evidence introduced by the Appellant, though weak, might allow a reasonable juror to infer age discrimination. In reaching this post-<u>Reeves</u> conclusion, however, we by no means forecast whether, after a trial, the evidence will in fact be sufficient to sustain a verdict for Smolensky.

We initially point out what is <u>not</u> probative. Smolensky relies heavily on the circumstantial argument that she was not hired by GEMS because, as a former GE employee, she would have been entitled to a vast amount of vacation time and sick leave, along with assorted early retirement options and pension benefits. Assuming, as we must for summary judgment purposes, that this argument is true and that GEMS refused to hire Smolensky in order to prevent her from receiving her accumulated GE benefits, this

7

still provides no evidence of age discrimination. The Supreme Court has held that:

> "an employer does not violate the ADEA just by interfering with an older employee's pension benefits that would have vested by virtue of the employee's years of service . . . This is true even if the motivating factor is correlated with age, as pension status typically is."

Hazen Paper Co. v. Biggins, 507 U.S. 604, 113 S.Ct. 1701 (1993). Age and years of service to an employer are separate and analytically distinct categories. Id. The law does not protect against discrimination on the basis of costly perks earned through years of service. See Armendariz v. Pinkerton Tobacco Co., 58 F.3d 144, 149 (5th Cir. 1995) ("ADEA does not provide a cause of action for interference with retirement benefits that are based on seniority, without evidence the decision was motivated by age"). So Smolensky's circumstantial evidence that GE refused to hire her based on her pension and leave status is not evidence of age discrimination at all.

The other critical piece of circumstantial evidence on which Smolensky relies is the "Schaefer Letter," the position letter sent from GE to the federal Equal Opportunity Employment Commission ("EEOC") at the outset of the EEOC's investigation and prior to this litigation. Smolensky now seeks to use this document to demonstrate that GE's proffered non-discriminatory reasons for not hiring Smolensky were false, thereby allowing the jury to draw an inference of age discrimination. See Reeves, 120 S.Ct. at

8

2109. GE admits that factual errors were made in the Schaefer letter, <u>i.e.</u> that Smolensky was applying for a "receptionist position" (in fact she applied for a more responsible sales secretary post), and that Smolensky withdrew her application when GE told her this position and the Regional Sales Manager position were part-time and/or contract-agency positions (Smolensky denies these assertions). GE states that the first error was "immaterial," but it doesn't explain how the second error, crucial to its side of the case, was made. This letter appears to create discrepancies in GE's proffered explanations for not hiring Smolensky. Post-<u>Reeves</u>, a jury issue as to GE's motivation exists.

For these reasons, the judgment of the district court is **AFFIRMED** in Part, and **REVERSED** and **REMANDED** in Part.