# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

─────────────

m 01-31484
Summary Calendar

─────────────


MIKE BURGE,

Plaintiff-Appellant,

VERSUS

RICHARD L. STALDER; BURL CAIN; DARREL VANNOY;
PAT TRUETT; BARNES, DR.; DIFATTA, DR.; PREGO, DR.;
TARVER, DR.; UNKNOWN GUTIERREZ, DR.;
LIZZY SMITH,
NURSE;
COCO, SGT.,
EMERGENCY MEDICAL TECHNICIAN;
OTT, SGT.,
EMERGENCY MEDICAL TECHNICIAN,
AND LOUISIANA STATE PENITENTIARY MEDICAL STAFF,

Defendants-Appellees.


─────────────────────────

Appeal from the United States District Court
for the Middle District of Louisiana
m 01-CV-60-A

─────────────────────────

December 4, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Mike Burge filed this civil rights action under 42 U.S.C. § 1983 against state and prison officials, contending that they have discriminatorily denied him necessary medical care in violation of his rights under the Eighth and Fourteenth Amendments. He also asserts unspecified state law claims. Agreeing with the district court that Burge has failed to state a claim for the violation of constitutional rights, we affirm the dismissal of the complaint in its entirety, under FED. R. CIV. P. 12(b)(6), and without prejudice to any state law claims.

I.

Burge alleges that in January 2000 he was diagnosed with hepatitis C. In February, he filed an administrative grievance requesting to be examined by a "liver specialist" and an "LSU doctor." The administrative grievance was denied. Over the course of the next year, Burge received medical treatment for hepatitis C and other medical conditions. Twice he renewed his request for a referral to a liver specialist; each time, his request was denied, one doctor telling him that such a referral would be ordered only if he failed three consecutive liver function tests.

Burge alleges that the failure to refer him to a liver specialist constituted deliberate indifference to his hepatitis condition in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. He further alleges

that because two other inmates received referrals despite noncompliance with the LSP referral policy, the refusal to refer him violated the equal protection clause of the Fourteenth Amendment. In addition to these federal constitutional claims, Burge alleges certain state law violations.

The defendants aver that Burge's complaint fails to state a claim for relief; they assert the defense of qualified immunity. Burge seeks damages and declaratory and injunctive relief. Specifically, he seeks an injunction ordering defendants to send him to a liver specialist, to test his blood every sixty days, to order a biopsy of his liver, and to hire a medical expert to evaluate deficiencies in staffing and facilities.

II.

We review the grant of a rule 12(b)(6) motion *de novo*. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). We accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992).

Burge contends that the refusal to allow him to see a liver specialist constituted a violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Prison officials violate the Eighth Amendment when they demonstrate deliberate indifference to a prisoner's serious medical condition. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference requires a showing that the official "knows that the inmate[] face[s] a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). In other words, an inmate pursuing a claim for deliberate indifference must show that prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation and citation omitted).

Far from demonstrating the deliberate indifference of the defendants, the facts alleged by Burge establish that he had access to necessary medical care. In 1999, Burge sought treatment from prison doctor Burnes several times complaining of cramps. In January 2000, Burnes confirmed that Burge had hepatitis and prescribed vitamins. In May, Burge was treated by a nurse practitioner for pain in his left side. He saw the nurse practitioner again in July and was prescribed antibiotics for a bladder infection. This course of treatment was followed by a visit to prison doctor Prego, who informed Burge that he was clear of the infection.

Burge later was treated by yet another physician, Gutierrez, who informed him that he could not see a liver specialist and that there was nothing wrong with him despite complaints of pain and pressure. Burge noted in his complaint that in the ensuing months he received additional medical attention and was placed on antibiotics by prison doctor DiFatta, who also prescribed a high-fiber diet, a breathing inhaler, colon medication, and testing.

In October 2000, Prego conducted Burge's annual physical, which provided another opportunity for the medical staff to evaluate his condition, despite the fact that Burge contends the physical was inadequate in comparison to that given him by a Louisiana State University doctor in 1999. Finally, in January 2001, Burge met with prison doctor Hand, who informed him that he was ineligible for a referral to a liver specialist because his September 2000 liver test had been normal. Hand did consent, however, to conduct a current liver test at Burge's request.

The foregoing history demonstrates that Burge was examined on a regular basis and treated for various ailments. On these facts, it is impossible to conclude that prison officials and medical staff were indifferent to Burge's hepatitis. Instead, Burge's complaint merely describes his disagreement with prison policy requiring three abnormal liver tests before referring inmates to a liver specialist. An inmate's disagreement with treatment policy, however, does not establish deliberate indifference. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Accordingly, we agree with the district court that Burge has failed to state a claim for deliberate indifference.

### III.

Burge argues that defendants demonstrated favoritism toward certain inmates by referring them to liver specialists despite their failure to meet the LSP referral standard. Specifically, Burge alleges that two inmates, Danny Fabre and Bobby Turner, were referred to a specialist despite their noncompliance with the requirement of three abnormal liver tests. Burge contends that such favoritism is contrary to the mandate of the Equal Protection Clause "that all persons similarly circumstanced shall be treated alike[.]" *Cunningham v. Beavers*, 858 F.2d 269, 272 (5th Cir. 1988) (citation omitted).

To succeed on his equal protection claim, Burge must show "that an illegitimate animus or ill-will motivated [his] intentionally different treatment from others similarly situated and that no rational basis existed for such treatment." *Shipp v. McMahon*, 234 F.3d 907, 916

3

(5th Cir. 2000) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)), *cert. denied*, 532 U.S. 1052 (2001). Moreover, "[d]iscriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (quoting *United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992)). Therefore, to demonstrate that the alleged disparity of treatment constitutes an equal protection violation, Burge must demonstrate a discriminatory purpose. *Id*.

Burge asserts that certain prisoners, many of them white, receive preferential medical treatment. As evidence of this discrimination, Burge offers only that Fabre and Turner received referrals to liver specialists despite their failure to meet the requirement of three abnormal liver tests and general allegations of discriminatory practices favoring an ill-defined group of inmates. Burge alleges no specific conduct or statements by any of the individual defendants that would support an inference of discriminatory intent.

In the face of the assertion by a defendant public official of the defense of qualified immunity, a § 1983 plaintiff must comply with a heightened pleading standard. *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). This heightened pleading standard "requires more than conclusory assertions. It requires claims of specific conduct and actions giving rise to a constitutional violation." *Id*. Burge offers only conclusional allegations of discrimination and fails to identify any specific instances of discriminatory conduct or expressions of discriminatory intent. His complaint therefore fails to comply with the heightened pleading

standard, and the dismissal for failure to state a claim was appropriate.

## IV.

Burge appeals the denial of his requests to amend his complaint and to conduct discovery before dismissal. We review these rulings for abuse of discretion.[2]

## A.

Although FED. R. CIV. P. 15(a) provides that leave to amend "shall be freely given when justice so requires," permission to amend pleadings "'is by no means automatic.'" *Parish*, 195 F.3d at 763. Rather, "[t]he decision 'lies within the sound discretion of the district court.'" *Id*. (quoting *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992)). Burge did not seek to amend to present additional allegations that would cure the initial defective pleading; instead, he sought to add new defendants and allege facts that arose after he filed his original complaint. Under these circumstances, the district court did not abuse its discretion in refusing to allow Burge to amend.[3]

---

[2] *See Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999); *Canady v. Bossier Parish Sch. Bd.*, 240 F.3d 437, 444 (5th Cir. 2001) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1394 (5th Cir. 1994)).

[3] *See Parish*, 195 F.3d at 764 (finding no abuse of discretion in denying motion to amend where amendment would increase delay and expand the allegations beyond scope of original complaint); *Ross v. Houston Indep. Sch. Dist.*, 699 F.2d 218, 229 (5th Cir. 1983) (finding no abuse of discretion in denying motion to amend where proposed amendment sought to add new issues and parties and required new discovery and additional hear-

Further, "it is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000). A proposed amendment is futile where "the amended complaint would fail to state a claim upon which relief could be granted." *Id.* at 873. The allegations contained in Burge's amended complaint are similar in kind to those in the original and fail to provide any support for his claims of inadequate medical care and discriminatory treatment. Because the complaint, as amended, still would fail to state a claim, it was within the discretion of the district court to deny Burge's motion to amend.

B.

Burge contends that the district court erred by dismissing his claims without allowing discovery that, as Burge appears to concede in his brief, was never requested. We disagree.

The purposes underlying the doctrine of qualified immunity support the conclusion that it is an immunity not merely from liability but also from the costs associated with trial.[4] Consequently, "[t]he district court need not allow any discovery . . . unless the 'plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.'"[5] Given that Burge failed to state a claim, the district court did not err in dismissing his complaint without allowing for discovery.

AFFIRMED.

---

[3](...continued)
ings).

[4] *See Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985); *see also id.* at 526 (stating that "even such pretrial matters as discovery are to be avoided if possible, as '[i]nquiries of this kind can be peculiarly disruptive of effective government'") (quoting *Harlow v. Fitzgerald*, 458 U.S. 800, 817 (1982)).

[5] *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) (quoting *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc)); *see also Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) ("Even limited discovery on the issue of qualified immunity 'must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'") (citing *Wicks v. Miss. State Employment Serv.*, 41 F.3d 991, 994 & n.10 (5th Cir. 1995)).