United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41443
Conference Calendar

_____

ROBERT E. SMITH,

                                        Plaintiff-Appellant,

versus

TEXAS BOARD OF CRIMINAL JUSTICE; DENNIS BLEVINS,
Warden; FRANK HOKE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CV-84
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Robert E. Smith, TDCJ # 441214, appeals the summary-judgment
dismissal of his 42 U.S.C. § 1983 suit wherein he alleged that he
could not effectively litigate a habeas corpus action because of
an inadequate law library.  Citing <u>Oliver v. Scott</u>, 276 F.3d 736
(5th Cir. 2002), the district court dismissed the suit as moot
because Smith requested only injunctive relief and he had been
transferred to another prison unit.

-----

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This court reviews a summary judgment de novo. Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

The district court did not err in determining that Smith requested only injunctive relief in his pleadings. Nor did the court err by failing to construe Smith's response to the summary-judgment motion as a motion to amend the pleadings and then grant the motion. See Parish v. Frazier, 195 F.3d 761, 764 (5th Cir. 1999). Smith's expectation that he will be released and again violate his supervised release is insufficient to show that he is likely to suffer the same injury again. See Oliver, 276 F.3d at 741; Honig v. Doe, 484 U.S. 305, 320 (1988). Because we conclude that the district court did not err by dismissing the suit as moot, we do not consider Smith's arguments concerning the merits of his access-to-courts claim or his assertion that the defendants created a factual issue regarding whether qualified immunity applied.

AFFIRMED.