Helen J. AUSTIN, Wrongful Death Beneficiary, Individually, and on Behalf of all other Wrongful Death Beneficiaries of Nathaniel Phipps, Deceased, Plaintiff,

v.

MARINER HEALTH CARE, INC. d/b/a Grenada Health & Rehabilitation Center; Delores R. Goode, Administrator; and John Does 1–20, Directors of Nursing and Nursing Home Staff, Defendants.

No. 3:03CV82.

United States District Court, N.D. Mississippi, Western Division.

March 8, 2005.

Joe D. Pegram, Joe D. Pegram, Attorney, Oxford, MS, Michael P. McGartland, Schmidt and McGartland Firm, PLLC, Jackson, MS, for Plaintiff.

David Mark Eaton, Wilkins, Stephens & Tipton, Jackson, MS, L. Carl Hagwood, Wilkins, Stephens & Tipton, PA, Greenville, MS, Senith C. Tipton, Wilkins, Stephens & Tipton, Jackson, MS, Jason Edward Dare, Wilkins, Stephens & Tipton, PA, Greenville, MS, Sandra Taylor Doty, Wilkins, Stephens & Tipton, Jackson, MS, for Defendants.

### MEMORANDUM OPINION

MILLS, District Judge.

This cause comes before the Court on the defendants' motion for summary judgment [126–1]. The Court has reviewed the briefs and exhibits and is prepared to rule. The defendants have actually filed several separate motions for full and partial summary judgment, but the Court will address only the instant motion which is dispositive.

The plaintiff is Helen Austin, who has filed claims for wrongful death stemming from the death of her great-uncle, Nathaniel Phipps.[1] The defendants include Mariner Health Care d/b/a Grenada Health and Rehabilitation Center ("the Rehab Center"), a nursing home corporation; Delores Goode, who was administrator at the Rehabilitation Center; and various fictitious defendants. Phipps was a patient at the Rehab Center from approximately December 20, 1999 until approximately April 9, 2002. Phipps died on April 16, 2002, allegedly as a result of the defendants' collective breach of their duty of care for Phipps. On December 26, 2002, Austin filed this action against the defendants in the Grenada County Circuit Court, alleging claims of personal injury to Phipps and wrongful death. The complaint identifies Austin as Phipps' wrongful death beneficiary and representative of all other wrongful death beneficiaries. The defendants removed the case to federal court in a timely fashion.

On February 14, 2005, the defendants filed the instant motion for summary judgment, pointing out that (1) Austin, as Phipps' grand-niece, is not among the class of individuals permitted to bring a wrongful death

---

**1.** Austin's deposition testimony identifies Phipps as her mother's uncle and therefore her own great-uncle.

suit by virtue of blood relationship to the decedent,[2] and (2) Austin cannot be considered representative of Phipps' estate because no estate has ever been opened in Mississippi Chancery Court. The defendants argue that these two facts demonstrate that Austin has no standing to bring this action and that summary judgment is therefore appropriate. In her response, Austin concedes the points raised by the defendants, arguing instead that she is entitled (after two years of trial preparation and less than three weeks before trial) to amend her complaint to "substitute the real party at interest." The response does not even hint at who the "real party at interest" might be, and Austin's deposition testimony indicates that Phipps had no living blood relatives other than her. As Austin essentially concedes that summary judgment is appropriate based on the complaint as it is currently framed, the sole issue before the Court is whether she should be permitted to amend her complaint.

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." F.R.C.P. 15(a). Such leave to amend is not granted automatically, but lies within the Court's discretion. *Little v. Liquid Air Corp.,* 952 F.2d 841, 845–6 (5th Cir.1992); *see also Addington v. Farmer's Elevator Mutual Insurance Co.,* 650 F.2d 663, 666 (5th Cir.1981); *Layfield v. Bill Heard Chevrolet Co.,* 607 F.2d 1097, 1099 (5th Cir.1979). In particular, courts considering motions to amend made late in the litigation process should consider the prejudicial effect that granting the motion would have on the defendants. *Parish v. Frazier,* 195 F.3d 761, 764 (5th Cir.1999).

In *Parish,* for example, the Fifth Circuit affirmed the district court's denial of a plaintiff's motion to amend where said motion would "unduly prejudice the defendants by increasing the delay and by expanding the allegations beyond the scope of the initial complaint." *Parish,* 195 F.3d at 764. The district court's denial was based in part on a seven month delay between the filing of the original complaint and the motion for leave to amend, a delay which could have been avoided by due diligence on the part of the plaintiff. *Id.* Such motions to amend should also be scrutinized more carefully where, as here, the motion to amend comes after the opposing party has filed a motion for summary judgment. *Id.* For example, in *Parish,* the plaintiff filed her motion to amend on same day defendants filed motion for summary judgment, and the district court found that granting her motion would likely prejudice the defendants by requiring additional discovery and another motion for summary judgment. *Id.*

In the case at bar, Austin has not even filed a motion to amend her complaint. Instead, she merely argues that the Court should permit her to in order to evade a ruling by the Court granting summary judgment that she concedes is proper for the complaint as it stands now. Austin's response does not identify any other party capable of bringing a wrongful death suit on Phipps' behalf, and if the Court granted such a motion it would necessitate more discovery (most likely followed by yet another motion for summary judgment, since Phipps has no other blood relatives) and a substantial continuance in the trial setting. The Court therefore concludes that permitting Austin to amend her complaint at this late date would be unduly prejudicial to the defendants. As Austin has no response to the defendants' summary judgment arguments other than a last minute attempt to amend the complaint, the Court concludes that summary judgment is appropriate. A separate order to that effect shall issue this day.

### *ORDER*

Pursuant to the memorandum opinion issued this day, it is hereby **ORDERED** that the defendants' motion for summary judgment [126–1] is **GRANTED.**

---

**2.** Mississippi's Wrongful Death Statute is contained in Miss.Code Ann. § 11–7–13, which provides that suit may be brought by a personal representative of the decedent's estate for the benefit of his heirs *or* by the decedent's surviving spouse, child, parent or sibling.