# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2019

Lyle W. Cayce
Clerk

No. 18-50653

United States of America, ex rel, PHILIP M. LIN, DMD, Relator; NICOLE WINSTON, Relator,

> Plaintiffs - Appellants

v.

DALE G. MAYFIELD, DDS; TU M. TRAN, DDS; KS2 TX, P.C., doing business as Kool Smiles; DENTISTRY OF BROWNSVILLE, P.C., doing business as Kool Smiles; JOHN DOES 1-10; NCDR, L.L.C.,

> Defendants - Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-760

Before HAYNES, GRAVES, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Appellants Philip M. Lin, DMD and Nicole Winston (collectively, "Relators") appeal the district court's denial of their motion for leave to amend their complaint. For the reasons set forth below, we AFFIRM the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50653

## I.    Background

Relators are former employees of Appellee Kool Smiles.  They are two of eight qui tam plaintiffs who filed numerous suits on behalf of the federal and multiple state governments, claiming that Kool Smiles dental offices submitted false claims for dental services to state Medicaid programs in violation of the False Claims Act, 31 U.S.C. § 3729 ("FCA"), and similar state laws.  In addition to the qui tam claims, Lin asserted a retaliation claim under Texas state law and Winston asserted a retaliation claim under Virginia state law.  Neither Lin nor Winston asserted federal FCA retaliation claims in their initial complaint.

The government investigated Relators' claims along with the claims brought by the other relators.  The investigation lasted for several years and included document productions by Appellees, witness testimony, engagement of experts, and meetings and negotiations concerning the issues.  All of the relators' complaints remained under seal during the investigation.  Although the relators in the other qui tam cases amended their complaints for various reasons during the investigation, Lin and Winston never amended.

The government then entered into settlement negotiations with Appellees.  During the negotiations, the government obtained partial unsealing orders and shared all of the relators' sealed complaints, including Lin and Winston's complaint, with Appellees.  Relators did not have any contact with Appellees during negotiations.  But the government worked with all of the relators, including Lin and Winston, and their counsel concerning the terms of the settlement, to which all of the relators became parties.

In December 2017, Appellees, Relators, the relators in the other lawsuits, and the federal and twenty state governments reached a global settlement.  Appellees paid $23.9 million as part of the settlement.  Relators Lin and Winston did not directly receive a share of the settlement proceeds.

2

No. 18-50653

As part of the settlement, Relators released their claims, including their previously pleaded state law retaliation claims. But they expressly preserved their right to assert FCA retaliation claims. They now argue that releasing their state law retaliation claims was a mistake on the part of their counsel.

Appellees moved to dismiss Relators' complaint in the district court. In response, Relators for the first time sought leave to amend to add FCA retaliation claims. In so doing, they conceded that they had released their state law retaliation claims.

The district court granted Appellees' motion to dismiss and denied Relators' motion for leave to amend. It concluded that Appellees had made a sufficient showing to overcome the presumption in favor of granting leave to amend. This appeal followed.

## II.    Standard of Review

A party that may not amend its complaint as a matter of course "may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). We "review[] a district court's decision to deny leave to amend for abuse of discretion." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). But "we have acknowledged that the term 'discretion' in this context 'may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)). As a result, "[a] district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith*, 393 F.3d at 595 (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)).

The Supreme Court has set forth five factors for courts to consider in reviewing a motion for leave to amend: "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure

deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] [5] futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"[A]bsent a 'substantial reason' such as" any of the *Foman* factors, "'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux*, 376 F.3d at 425 (footnote omitted) (quoting *Martin's Herend Imps., Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999), and *Stripling*, 234 F.3d at 872). "Leave to amend, however, is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994). Importantly, a "[p]laintiff bears the burden of showing that delay [in seeking leave to amend] was due to oversight, inadvertence or excusable neglect." *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999).

### III.    Discussion

Relators have not carried their burden of showing that their delay in moving for leave to amend "was due to oversight, inadvertence, or excusable neglect." *Id.* Relators offered the district court no explanation for failing to assert FCA retaliation claims at the outset of their case. *See Rosenzweig*, 332 F.3d at 864 (stating that a "litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend" (quoting *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982))).

Relators now contend for the first time on appeal that their failure to assert the claims sooner was a mistake. But in failing to make this argument to the district court, Relators waived it. *See LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal."). Moreover, Relators point to no evidence aside from their own *ipse dixit* that

No. 18-50653

their failure to assert FCA retaliation claims sooner was in fact a mistake. Relators bore "the burden of showing that [their] delay was due to oversight, inadvertence or excusable neglect." *Parish*, 195 F.3d at 763.  Their bare assertion of mistake does not satisfy this burden.  Because Relators unduly delayed moving for leave to amend, *see Rosenzweig*, 332 F.3d at 864, the district court did not abuse its discretion in denying Relators' motion.

AFFIRMED.