EDMONDSON, Circuit Judge:
 

 Arrow Air (Arrow), a chapter 11 debtor, made nine payments to appellee Airport Aviation Services (AAS) in the last ninety days before Arrow filed for bankruptcy protection. Appellant, the debtor’s unsecured creditors’ committee, sought to recover these payments as preferential transfers. Concluding that the payments were contemporaneous exchanges for specific new value, and thus fit within an exception to the rule allowing recovery of preferential transfers, the bankruptcy court ruled in favor of AAS, 112 B.R. 41; and the district court affirmed. But, as we see it, AAS failed to meet its burden of showing that the payments were contemporaneous exchanges for a specific measure of new
 
 *1465
 
 value. We therefore vacate the judgment below and remand for consideration of AAS’s alternative, ordinary-course-of-business defense.
 

 I.
 

 Arrow flew daily between Miami and San Juan. In San Juan, appellee AAS provided ground handling services for Arrow. AAS would bill Arrow each Monday for ground services provided the previous week, and Arrow then had thirty days to pay. Once a month a statement of account would be sent to Arrow.
 

 Arrow often paid late, however, and frequently paid less than the amount billed. As a result, large balances due sometimes accrued. At one point (approximately six months before Arrow filed for bankruptcy protection), Arrow’s unpaid balance reached almost $200,000; and AAS discontinued service to Arrow for ten days. But after this ten-day hiatus service resumed, and the balance due was paid off within four to six weeks.
 

 In the period from mid-November 1985 to mid-February 1986 — the ninety days before Arrow filed its Chapter 11 petition — Arrow made nine separate payments to AAS, to-talling $192,385.13. As did all other, earlier payments from Arrow to AAS, each of these payments specified which weeks’ services were covered: copies of the relevant weekly invoices were attached, along with instructions about how each check was to be broken down and applied. AAS continued providing services to Arrow throughout this ninety-day period before bankruptcy. As a result, Arrow still owed AAS another $193,033.67 at the time of filing despite the challenged transfers.
 

 Appellant unsecured creditors’ committee claimed these nine payments made to AAS during the last ninety days were preferential transfers avoidable under 11 U.S. C.A. § 547(b) and brought an adversarial proceeding in bankruptcy court to retrieve the payments for the benefit of the estate and unsecured creditors. AAS did not seriously dispute that all requirements for a preferential transfer as defined in section 547(b) were met, but it raised two exceptions listed in section 547(c) as alternative affirmative defenses: (1) the payments were substantially contemporaneous exchanges for new value,
 
 see
 
 11 U.S.C.A. § 547(c)(1); and (2) the payments were made in the ordinary course of business,
 
 see
 
 11 U.S.C.A. § 547(c)(2). The bankruptcy court concluded the challenged transfers were unavoidable because they were substantially contemporaneous exchanges for new value, and the district court affirmed. Neither court reached the alternative, ordinary-course-of-business defense.
 

 II.
 

 Section 547 of the Bankruptcy Code allows the trustee (on behalf of the creditors) to avoid or to recover certain transfers of property made by the debtor “for or on account of an antecedent debt” in the last ninety days before the debtor filed for bankruptcy.
 
 See
 
 11 U.S.C.A. § 547(b). Section 547(c), however, provides exceptions to the avoidability of transfers otherwise avoidable under section 547(b). One exception is for payments that are technically credit transfers “for or on account of an antecedent debt”, but are intended by the parties to be contemporaneous exchanges for — and are in fact substantially contemporaneous exchanges for — new value.
 

 The contemporaneous-exchange-for-new-value exception is an affirmative defense; so a transferee seeking to rely on it has the burden of establishing all required elements.
 
 See Jet Florida, Inc. v. American Airlines, Inc. (In re Jet Florida Systems, Inc.),
 
 861 F.2d 1555, 1558 (11th Cir.1988). And, as. the name of the exception suggests, it has three basic requirements: (1) the transferee must have extended new value to the debtor in exchange for the payment or transfer, (2) the exchange of payment for new value must have been intended by the debtor and transferee to be contemporaneous, and (3) the exchange must have been in fact substantially contemporaneous.
 
 See, e.g., Tyler v. Swiss Am. Secs., Inc. (In re Lewellyn & Co.,
 
 
 *1466
 

 Inc.),
 
 929 F.2d 424 (8th Cir.1991); 11 U.S. C.A. § 547(d)(1).
 

 Apparently based on the facts that: (1) AAS had earlier cut off services to Arrow when its balance due reached about $200,000; (2) Arrow made nine payments during the last ninety days before filing; (3) AAS did not cut off services to Arrow during the last ninety days before filing; (4) the resulting balance still due at the time of filing was approximately the same amount as the total of the challenged payments; and (5) “[i]n most instances, AAS extended credit to Arrow only after the latter had paid for prior credit”
 
 {see
 
 bankruptcy court’s order, finding of fact no. 24), the bankruptcy court found that Arrow’s payments to AAS, though technically credit transfers “for or on account of antecedent debt,” were intended by Arrow and AAS to be contemporaneous exchanges for — and were in fact substantially contemporaneous exchanges for — the extension of new credit. Although we might not have drawn the same inferences from the given facts, the bankruptcy court’s findings have some support in the record; so we cannot call them clearly erroneous.
 
 See Jet Florida,
 
 861 F.2d at 1558 (clearly erroneous standard is applied with particular rigor where, as here, review is of bankruptcy court findings affirmed by district court);
 
 Lewellyn,
 
 929 F.2d at 427-28 (intended and actual contemporaneousness are questions of fact).
 

 III.
 

 The crucial question thus becomes: when, if ever, can the extension of new credit conditioned on payment of pre-exist-ing debt constitute the extension of new value for purposes of this exception?
 

 As we have indicated in the past, that a transfer from debtor to creditor is payment of a pre-existing debt does not automatically preclude the transfer from also being a contemporaneous exchange for new value.
 
 See Jet Florida,
 
 861 F.2d at 1558. And, under appropriate circumstances, the new value exchanged for the transfer or payment may take the form of new credit.
 
 See id.;
 
 11 U.S.C.A. § 547(a)(2) (“ ‘new value’ means money or money’s worth in goods, services, or new credit”). Therefore, it is not impossible, as a matter of law, that an extension of new credit by AAS to Arrow could have constituted “new value.”
 

 As we made clear in
 
 Jet Florida,
 
 however, a party seeking to shelter a payment under the contemporaneous-exchange-for-new-value exception must do more than simply show that some new value was given the debtor; a party relying on the protection provided by this section must prove with
 
 specificity
 
 the measure of new value given the debtor in the exchange transaction he seeks to protect — and the challenged payment is protected
 
 only
 
 to the extent of the specific measure of new value shown.
 
 See id.
 
 at 1558-59. AAS points to nothing in the record to show that specific new value was given. Nowhere in the record or in its briefs does AAS draw our attention to record evidence to meet its burden of showing how each of the payments matched a new and specific extension of credit. The bankruptcy court found that “[i]n most instances, AAS extended credit to Arrow only after the latter had paid for prior credit” and then went on to conclude that “by extending credit to Arrow only after the latter had paid for prior credit, AAS was in fact extending new value.” The former finding of fact is not clearly erroneous; but it is insufficient to establish “new value” as a matter of law, for it is too generalized to show the measure of new value provided with the specificity required by
 
 Jet Florida.
 

 ***
 

 
 *1467
 
 To establish that its extensions of new credit constituted “new value,” AAS had the burden of showing that for each payment of $A from Arrow to AAS, AAS extended — in a substantially contemporaneous exchange — $F worth of credit.
 
 See Jet Florida,
 
 861 F.2d at 1559. That payment of $A would then be protected, but only to the extent of $F.
 
 See id.
 
 AAS failed to meet this burden. Thus, the bankruptcy court erred in concluding that the nine challenged transfers were unavoidable as payments made in a contemporaneous exchange for new value.
 

 IV.
 

 We vacate the judgment for AAS. Because AAS’s ordinary-course-of-business defense remains to be considered, we remand for consideration of this alternative exception to the avoidability of preferential transfers.
 

 VACATED and REMANDED.
 

 ***
 

 Whether or not the new credit extended by AAS to Arrow constituted "new value” under the circumstances of this case is a mixed question of law and fact.
 
 See Reigle v. S.S. Mahajan (In re Kumar Bavishi & Assoc.),
 
 906 F.2d 942, 943 (3rd Cir.1990). Findings of underlying facts are reviewed for clear error, but the legal standards applied to those facts are subject to plenary review.
 
 Id.; see also Nordberg v. Arab Banking Corp. (In re Chase and Sanborn Corp.),
 
 904 F.2d 588, 595 (11th Cir.1990) (holding bankruptcy court’s determination that payment on account was made for “new value” erroneous as matter of law).