In re MASSAN SHIPPING
INDUSTRIES, INC.,
Debtor.

C. Michael Chiasson, Trustee, Plaintiff,

v.

Strachan Shipping Co., Defendant.

Bankruptcy No. 97–17167 B.
Adversary No. 99–1250.
Civ.A. No. 01–1418.

United States District Court,
E.D. Louisiana.

Nov. 7, 2001.

Stewart Foster Peck, Christopher Todd Caplinger, Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, New Orleans, LA, Jan Marie Hayden, Tristan Manthey, Heller, Draper, Hayden, Patrick & Horn, LLC, New Orleans, LA, for appellants.

Charles Michael Winters, C. Michael Winters, Attorney at Law, Metairie, LA, for appellee.

## OPINION [1]

BERRIGAN, District Judge.

This matter comes before the Court on appeal from the decision of the United States Bankruptcy Court of the Eastern District of Louisiana avoiding several preferential transfers made by respondent Massan Shipping Industries to petitioner Strachan Shipping Company. For the reasons set forth below, the judgment of the bankruptcy court is AFFIRMED.

## JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from "final judgments, orders and decrees" from the bankruptcy court. 28 U.S.C. § 158. On appeal from the bankruptcy court, this Court reviews conclusions of law de novo and conclusions of fact for clear error. Fed. R.Bankr.P. 8013.

## BACKGROUND

The debtor, Massan Shipping Industries ("Massan"), and the creditor, Strachan Shipping Co. ("Strachan"), have conducted business with each other for more than ten years. Massan was a ship operator who chartered vessels for shipping cargoes to destination ports. Strachan provided stevedoring services to vessels chartered by Massan.

Massan filed for bankruptcy on December 23, 1997. Subsequently, C. Michael Chiasson, Trustee for Massan ("Trustee") in its bankruptcy proceedings, filed a Complaint to Avoid Preferential Transfers, on December 13, 1999, to recover payments made to Strachan during the 90 days pre-

---

1. Marnie L. Zien, a third year law student at Tulane Law School, assisted in the research and preparation of this decision.

ceding its bankruptcy filing. *See* 11 U.S.C. § 547(b).[2] On September 6, 2000, Massan filed a Motion for Leave to Amend its complaint from a suit to avoid $47,602.94 to a suit to recover $87,602.94 from Strachan. After oral argument on September 13, 2000, the bankruptcy court granted the Trustee's Motion for Leave to Amend its Complaint in this matter. On March 27, 2001, the bankruptcy court ordered avoidance of $83,550.08 in payments to Strachan; retention by Strachan of $4,052.86 under 11 U.S.C. § 547(c)(4); and entitlement by the Trustee to prejudgment interest accruing from December 13, 1999, the date of filing to recover the preferential transfers. The invoices and checks at the center of this dispute are as follows:

| Invoice Date | Invoice Amount | Check Amount | Date Check Issued |
| --- | --- | --- | --- |
| 6/19/97 | $40,402.94 | Paid in full | 10/29/97 |
| 7/9/97 | $33,089.72 | Paid in full | 11/25/97 |
| 7/21/97 | $ 9,899.47 | Paid in full | 11/25/97 |
| 8/21/97 | $ 40.00 | Paid in full | 11/25/97 |
| 11/12/97 | $ 8,375.00 | $7,200.00 | 11/14/97 |
| 12/11/97 | $ 4,052.86 | Unpaid | |
| 1/2/98 | $ 6,708.00 | Unpaid | |

Strachan on several grounds. First, Strachan argues that the bankruptcy court abused its discretion by granting the Trustee's Motion for Leave to Amend the Complaint more than nine months after the initial complaint was filed. Second, although the payments were preferential transfers under § 547(b) and thus subject to avoidance, Strachan contends the bankruptcy court erred in failing to find several exceptions to avoidability to apply to this matter under § 547(c). Specifically, Strachan argues that: the preferential transfers should not be avoided under § 547(c)(1) because they were a substantially contemporaneous exchange for new value and thus excepted from avoidance; the preferential transfers were made during the ordinary course of business and are protected from avoidance under § 547(c)(2); and lastly, although the bankruptcy court was correct in finding that 11 U.S.C. § 547(c)(4) protected $4,052.86 from avoidance, that court erred in declining to find an additional $6,708 was protected under the new value exception. Finally, Strachan argues that the bankruptcy court erred in awarding prejudgment interest to the Trustee.

The Trustee cross-appeals, challenging the bankruptcy court's ruling that 11

---

**2.** Section 547(b) provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

  (1) to or for the benefit of the creditor;

  (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

  (3) made while the debtor was insolvent;

  (4) made—

  (A) on or within 90 days before the date of the filing of the petition; or

  (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

  (5) that enables such creditor to receive more than such creditor would receive if—

  (A) the case were a case under chapter 7 of this title;

  (B) the transfer had not been made; and

  (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

U.S.C. § 547(c)(4) sheltered $4,052.86 from avoidance.

ANALYSIS

The parties stipulated that the three payments in dispute are preferential transfers under 11 U.S.C. § 547(b). The creditor bears the burden of proving non-avoidability of the transfers under § 547(c). *See* 11 U.S.C. § 547(g).

## DID THE BANKRUPTCY COURT ABUSE ITS DISCRETION BY GRANTING MASSAN'S MOTION FOR LEAVE TO AMEND MORE THAN NINE MONTHS AFTER FILING THE COMPLAINT?

■ This Court reviews a bankruptcy court's denial of motion for leave to amend a complaint under an abuse of discretion standard. *In re Southmark*, 88 F.3d 311, 314 (5th Cir.1996), (citing *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)), *cert. denied sub nom. Schulte Roth & Zabel v. Southmark Corp.*, 519 U.S. 1057, 117 S.Ct. 686, 136 L.Ed.2d 611 (1997). Under Rule 7015 of the Bankruptcy Rules of Procedure, a motion for leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Bankr.P. 7015.[3] A trial court's decision to grant or deny a motion for leave to amend is within its sound discretion and depends on the facts of each case. *See Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir.1991). Leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). To determine whether to grant such leave, a trial court may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Southmark*, 88 F.3d at 315. In determining undue delay, a court may look to whether the movant has explained the delay, and whether the movant knew the facts underlying the amended complaint at the time the complaint was filed. *See id.* at 316.

■ The Trustee moved to amend his Complaint on September 6, 2000, more than nine months after the Complaint was initially filed, seeking to recover an additional $40,000 from Strachan. Strachan argues that the bankruptcy court abused its discretion by granting this Motion because the Trustee did not offer a reasonable explanation for the delay, and such delay caused undue prejudice to Strachan. This Court holds that the bankruptcy court did not abuse its discretion in granting the Trustee's Motion for Leave to Amend the Complaint.

■ The Trustee, upon seeking to amend his complaint, did explain that he first discovered the additional transfer of $40,000 while preparing discovery responses for Strachan to be due September 20, 2000. Strachan argues that this explanation is unreasonable and could have been avoided by due diligence because the Trustee was in possession of these records for almost two years prior to filing the preference action and thus should have known about the $40,000 transfer. However, if the movant can show the delay was caused by "oversight, inadvertence or excusable neglect", a failure of due diligence is not supported. *See Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir.1999). The Trustee explained that the delay was due to the voluminous amount of files in the debtor's estate. In addition, this late discovery does not evince bad faith or dilato-

---

**3.** Bankruptcy Rule 7015 adopts Rule 15 of the Federal Rules of Civil Procedure as its rule for amended and supplemental pleadings.

ry motive by the Trustee. Furthermore, granting the Motion to Amend the Complaint did not unduly prejudice Strachan. The bankruptcy court extended the discovery period and Strachan did not file any additional discovery during that period. Finally, there is no evidence that the Trustee repeatedly failed to cure deficiencies, nor was the amendment, which increased the amount in controversy by $40,000, futile. Accordingly, the bankruptcy court did not abuse its discretion in granting the Trustee's Motion for Leave to Amend the Complaint in this matter.

## DID THE BANKRUPTCY COURT COMMIT REVERSIBLE ERROR BY HOLDING THE PREFERENTIAL TRANSFERS WERE NOT PROTECTED FROM AVOIDANCE BY § 547(C)(1) AS CONTEMPORANEOUS EXCHANGES FOR NEW VALUE?

■ Under 11 U.S.C. § 547(c)(1), a preferential transfer may not be avoided if the following three conditions are met: 1) the transfer conveyed *new value* to the *debtor's* estate or assets; 2) the payment must have been *intended* by the debtor and creditor to be a substantially contemporaneous exchange for new value; and 3) the exchange must have been *substantially* contemporaneous (emphasis added). *See In re Arrow Air, Inc.,* 940 F.2d 1463, 1465 (11th Cir.1991); 11 U.S.C. § 547(c)(1). The justification for this exception is that the transfer provides new value to the debtor's estate which offsets the depletion made by the transfer. *See In re Fuel Oil Supply & Terminaling, Inc.,* 837 F.2d 224, 228 (5th Cir.1988).

Strachan argues that the releases of both maritime liens and rights to seize vessels constitute substantially contemporaneous exchanges for new value to the debtor Massan and thus are protected from avoidability under § 547(c)(1). The bankruptcy court held § 547(c)(1) did not apply, because the release of maritime liens and rights to seize vessels did not constitute "new value" within the meaning of § 547(c)(1). *Id. at* 230. (stating that a released indemnity right did not convey new value to the debtor's estate); *In re Riggs,* 129 B.R. 494, 498 (Bankr.S.D.Ohio 1991) (holding "If ... the property owner is a third party who could only assert a general unsecured claim against the bankruptcy estate had the payments not been made, the transfers should be regarded as preferences not within the exception of § 547(c)(1)."). In addition, the bankruptcy court determined that if any new value was conveyed through these transfers, it was given to the third party owners of the vessels, rather than to the debtor Massan. The bankruptcy court found that Strachan incorrectly interpreted caselaw in support of its position, failing to distinguish between value to a debtor's estate, and value given to a third party.

■ This Court agrees with the bankruptcy court that Strachan's forbearance of exercising lien rights does not constitute new value to the debtor Massan's estate in the instant case. In this case, precluding seizure, and thus precluding harm does not convey "new" value in the sense that Strachan is adding value to Massan's estate. Strachan contends that the release of such liens provides new value to Massan by preventing delay and damage to Massan's business that would likely result if such liens were exercised. Bky. Rec. Doc. 4, p. 10. While releasing the liens may have the effect of avoiding a chain reaction that could cause a *decrease* in Massan's assets that would result from any seizure of vessels time-chartered by Massan, such forbearance does not add value to Massan's estate to compensate for the transfers. Strachan's argument contravenes § 547(c)(1)'s policy of sheltering only those

transfers which do not diminish the debtor's estate. The holding of the bankruptcy court on this issue is hereby affirmed.

## DID THE BANKRUPTCY COURT COMMIT REVERSIBLE ERROR IN HOLDING THAT THE TRANSFERS WERE NOT PROTECTED FROM AVOIDANCE BY THE ORDINARY COURSE OF BUSINESS EXCEPTION IN § ·547(C)(2)?

■ The provisions of 11 U.S.C. § 547(c)(2) read as follows:

The trustee may not avoid under this section a transfer—

(2) to the extent such transfer was—

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms.

Neither party challenges the bankruptcy court's finding that the transfers in dispute were payment of debts incurred in the ordinary course of business, thus satisfying § 547(c)(2)(A). The determinations under the second and third provisions are factual and will be reviewed on appeal for clear error. *See Braniff Airways v. Midwest Corp.*, 873 F.2d 805, 806 (5th Cir.1989).

■ Irrespective of whether the transfers were paid in the ordinary course of business, Strachan nonetheless cannot invoke § 547(c)(2) as a defense to avoidance because it failed to prove the payments in question were made according to ordinary business terms under § 547(c)(2)(C). The test for "ordinary business terms" in the Fifth Circuit focus-

es on "customary terms and conditions used by other parties in the same industry facing the same or similar problems." *Gasmark Limited Liquidating Trust v. Louis Dreyfus Natural Gas Corp.*, 158 F.3d 312, 317 (5th Cir.1998) (quoting *Lawson v. Ford Motor Co.*, 78 F.3d 30, 39 (2nd Cir.1996)). The only evidence in the record before this Court regarding industry payment terms is testimony by Strachan's Vice President of Stevedoring, Mr. Billy Singleton, that the stevedoring industry was a "slow-pay industry" with no specifics as to actual industry time periods. Bky. Rec. Doc. 22, p. 182. The cases cited by Strachan are distinguishable for that reason. *In re Tolona Pizza Products Corp.*, 3 F.3d 1029 (7th Cir.1993)(industry range was up to 30 days for payment on invoices); *In re Color Tile, Inc.*, 239 B.R. 872 (Bankr.D.Del.1999) (detailed list of several years worth of specific payments submitted). Based on this evidence, this Court holds that bankruptcy court did not clearly err in finding that Strachan failed to provide sufficient evidence to show Massan's payments were made according to ordinary business terms. Accordingly, the bankruptcy court's holding that § 547(c)(2) ordinary course of business exception does not apply in this matter is affirmed.

## DID THE BANKRUPTCY COURT ERR IN HOLDING THAT THE § 547(c)(4) SUBSEQUENT NEW VALUE EXCEPTION PROTECTED $4,052.86 FROM AVOIDANCE BY THE TRUSTEE?

■ Where a creditor extends new value to a creditor subsequent to preferential transfers, 11 U.S.C. § 547(c)(4) shields a portion of the transfers equal to the new value. This rule is subject to two caveats: the new value may not be secured by an unavoidable security interest, and the debtor may not repay the new value.[4]

---

4. Section 547(c)(4) reads as follows:

"the trustee may not avoid under this sec-

There are two policy justification for sheltering transfers under these circumstances. First, this rule facilitates transactions for the troubled company and may allow it to stave off bankruptcy. *In re Micro Innovations Corp.*, 185 F.3d 329, 332 (5th Cir.1999). Second, allowing a creditor to retain payment does not injure the bankruptcy estate because the new value replenishes the estate. *Id.* at 332; *In re Toyota of Jefferson, Inc.*, 14 F.3d 1088, 1091 (5th Cir.1994).

On cross-appeal, the Trustee argues that the bankruptcy court should not have sheltered $4,052.86 from avoidance because Strachan allegedly failed to provide adequate proof that Strachan extended any new value to Massan after the transfers. Bky. Rec. Doc. 5., p. 19. The bankruptcy court found that Strachan extended new value in the amount of $4,052.86 on December 11, 1997, represented by invoice number 26830. (Bky. Rec. Doc. 23, p. 7). Although the record before this Court does not contain these invoices, Mr. Billy Singleton, Vice President of Stevedoring Operations for Strachan Shipping, did testify as to the existence of an invoice for $4,000 on December 11, 1997. (Bky. Rec. Doc. 22, p. 197). Based on this evidence, the bankruptcy court did not clearly err in finding Strachan extended $4,052.86 in new value to Massan.[5]

Strachan appeals the bankruptcy court's decision that § 547(c)(4) is inapplicable to an additional new value in the amount of

$6,708. This Court affirms the bankruptcy court's ruling on this issue because this value was given on January 2, 1998, after the preference period had expired. (Bky. Rec. Doc. 23, p. 7). Section 547(c)(4) is inapplicable because Section 547(b) only addresses preferential transfers made within the preference period of at least 90 days prior to bankruptcy filing. Therefore, as the exceptions section to the rule established by Section 547(b), the scope of Section 547(c) is necessarily limited by Section 547(b).

## DID THE BANKRUPTCY COURT ERR IN HOLDING THAT THE TRUSTEE WAS ENTITLED TO PREJUDGMENT INTEREST?

An award of prejudgment interest will be reviewed for abuse of discretion. *In re Texas General Petroleum Corporation*, 52 F.3d 1330, 1339 (5th Cir.1995). In actions to recover preferential transfers, it is well-settled in the Fifth Circuit that trustees may be entitled to recover prejudgment interest on the avoidable transfers. *Id.* at 1339; *Palmer v. Radio Corporation of America*, 453 F.2d 1133, 1140 (5th Cir.1971); *In re Magd Eldin Zohdi v. Louisiana State Univ. Found.*, 234 B.R. 371, 385 (Bankr.M.D.La.1999). Awarding prejudgment interest compensates the debtor's estate for the period in which it did not possess the transferred funds. *In re Texas General Petroleum Corp.*, 52 F.3d at 1340. Strachan contends that the award is inequitable in imposing

---

tion a transfer—

    (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—

        (A) not secured by an otherwise unavoidable security interest; and

        (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of the creditor."

**5.** In addition, the Trustee asserts that new value is rendered when services or goods are provided to the debtor, rather than the date on which the creditor bills the debtor. Based on this argument, the Trustee argues that Strachan failed to provide any evidence of new value after the transfers. However, the Trustee does not provide any binding authority in support of this argument and this court declines to adopt this position in this matter.

prejudgment interest. Awarding prejudgment interest is not inequitable, where, as in the instant matter, the Trustee is entitled to recover the majority of transferred amount. This Court holds that the bankruptcy court's award of prejudgment interest was not an abuse of discretion and is hereby affirmed.

Accordingly, IT IS ORDERED that the judgment of the bankruptcy court is AFFIRMED.