# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-51110

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2015

Lyle W. Cayce
Clerk

TAMARA L. YOUNG,

Plaintiff–Appellant,

versus

UNITED STATES POSTAL SERVICE,
  Through Patrick R. Donahoe, Post Master General;

AMERICAN POSTAL WORKERS UNION, AFL-CIO;

AMERICAN POSTAL WORKERS UNION AFL-CIO,
  SAN ANTONIO ALAMO AREA LOCAL,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-113

Before JONES, SMITH, and COSTA, Circuit Judges.

PER CURIAM:*

After being terminated from her position as a mail-processing clerk,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51110

Tamara Young sued the United States Postal Service ("the Postal Service"), alleging a breach of the Collective Bargaining Agreement ("CBA"), and her union,[1] alleging a breach of the Duty of Fair Representation. The district court dismissed her first amended complaint for failure to state a claim and denied further leave to amend. We affirm.

## I.

## A.

Young made the following allegations in her first amended complaint:[2]

She was hired by the Postal Service and joined the union in 1986. She had a work-related disability that occasionally required her to take time off, but the "Postal Service was reluctant and hesitant to grant such leave."

In 2012, Young had a predisciplinary meeting with her manager and her union steward, Robert Garcia, regarding her absenteeism. She had the right to ask questions during the meeting and to write a statement with her steward after it.[3] Nevertheless, the manager did not allow her to ask questions, and Garcia did not interject, take notes, or meet with her afterward. The manager was also Garcia's supervisor, and Garcia was "given preferential treatment for such things as overtime and job preference by this same supervisor." Young asked the union to grieve the denial of her rights during the meeting.

A week later, Young received a notice of removal citing her poor attendance and absence without leave. She again asked the union to grieve both the denial of her rights during the meeting and her dismissal.

---

[1] We refer to the national and local unions jointly as "the union."

[2] We include only those allegations necessary to resolve this appeal. Young made several other allegations against the union.

[3] The complaint does not specify the source of those rights.

No. 14-51110

Young did not "substantially" hear from the union about those issues until 2013. She learned that the union had filed a single grievance about both the meeting and her termination but that the appeal to arbitration, the last stage in the process, was late because Garcia had initially mailed it to the wrong address. Around that time, a union representative told her, "I don't understand how this got as far as it did . . . if a separate grievance had been filed it would not have gotten to this point because it should have been thrown out . . . this should not have happened."

The arbitrator denied the appeal as untimely.[4] He explained that the Postal Service had denied Young's Step 1 grievance and Step 2 appeal, internal Postal Service proceedings that occur before arbitration, and that the Postal Service did not receive the appeal to arbitration until after the deadline.

Young's removal became final following that decision. She contends that the Postal Service lacked cause to fire her. Specifically, she "denies that she had unaccepted attendance and was AWOL." She maintains that she "called in as required, and the Postal Service was on notice that she'd just returned from five months leave due to surgery, and that she was being worked outside of her restrictions causing her to need to take this leave."

B.

Young sued the Postal Service and the union following the arbitrator's ruling. She amended her complaint after the union filed a Rule 12(b)(6) motion to dismiss. Both defendants moved to dismiss her first amended complaint, and in her response, Young requested further leave to amend. The magistrate

---

[4] This paragraph is drawn from the arbitrator's award rather than the complaint. The award is considered part of the pleadings at the Rule 12(b)(6) stage because Young referred to it in her complaint, it is central to her claim, and the union attached it to its motion to dismiss. *See, e.g.*, *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 & n.10 (5th Cir. 2014).

3

No. 14-51110

judge denied leave to amend and recommended granting the motions to dismiss. The district court affirmed the denial of leave to amend and accepted the dismissal recommendation.

## II.

## A.

Section 2 of the Postal Reorganization Act authorizes suits alleging that the Postal Service has violated a CBA. 39 U.S.C. § 1208(b). That provision is analogous to section 301 of the Labor Management Relations Act, and the case-law interpreting section 301 is "fully applicable" to section 2 cases. *McNair v. USPS*, 768 F.2d 730, 735 (5th Cir. 1985) (per curiam).

Before suing his employer for a breach of a CBA, "an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the [CBA]." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983). "Subject to very limited judicial review, he will be bound by the result according to the finality provisions of the agreement." *Id.* at 164. There is an exception where "the union representing the employee in the grievance/arbitration procedure . . . breach[es] its duty of fair representation. In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding." *Id.* "To prevail against either the [employer] or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union."[5]

---

[5] *DelCostello*, 462 U.S. at 165 (omission and second alteration in original) (quoting *UPS, Inc. v. Mitchell*, 451 U.S. 56, 66–67 (1981) (Stewart, J., concurring in the judgment)).

No. 14-51110

B.

Young has not stated a claim against the Postal Service, so we need not reach her allegations against the union. She urges that the Postal Service violated her rights (1) to ask questions at the predisciplinary meeting, (2) to write a statement after the meeting, and (3) "to grieve and dispute the facts and the reason she was terminated."

Young's allegation about the right to ask questions—to the extent that she even had such a right at that preliminary stage in the discipline process—is inadequate because her complaint does not indicate that the denial of that right voids her dismissal. The court draws "reasonable inference[s]" in favor of the plaintiff, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense," *id.* at 679. There is no reason to expect that the denial of that right—as distinguished from, for example, a right to present evidence—would void Young's termination. The allegation that a union representative said her appeal would not have reached the arbitration stage, had separate grievances been filed about the meeting and her termination, is of limited relevance because that statement does not specify why separate grievances would have been more effective. Without more, we cannot infer that Young's removal is invalid even if the Postal Service prevented her from asking questions.

Young did not allege that the Postal Service prohibited her from writing a statement. The relevant portion of her complaint states that "Plaintiff is entitled to not only be able to ask questions, but to be able to write a statement with her Steward after such pre-disciplinary meetings. However, Steward Garcia refused to meet with Plaintiff to write this statement." That allegation concerns only Garcia; there is no suggestion that Young's manager or any other Postal Service official was involved.

5

No. 14-51110

Nor did Young allege that the Postal Service, as distinguished from the union, denied her the right "to grieve and dispute the facts and the reason she was terminated." She has not identified any problems with the Step 1 or Step 2 proceedings. She alleged that the appeal to arbitration was late, but her complaint and the arbitrator's award make clear that the untimeliness was because Garcia initially mailed the appeal to the wrong address. Accordingly, Young has not shown that any denial of her grievance rights was the fault of the Postal Service.

Young submits that she should be allowed discovery to determine which rights were violated and that she is not required to "identify the CBA rights by number or paragraph." But the problem is not that she failed to list specific provisions of the CBA; instead, it is that she did not allege a breach of the CBA at all, even in general terms. Moreover, the specific provisions of the CBA are relevant only to the right to ask questions. Young's allegations about the statement and her grievance rights are inadequate because she provided insufficient information about the Postal Service's conduct. Therefore, she has not stated a claim against the Postal Service, so the court properly dismissed her complaint.

## III.

### A.

"Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion."[6] "The court should freely give leave when justice so

---

[6] *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Young contends that review is *de novo*. That standard applies where "the district court's denial of leave to amend was based solely on futility." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010). Here, the denial was based on both futility and failure to comply with the local rules.

No. 14-51110

requires."  FED. R. CIV. P. 15(a)(2).  The relevant considerations are "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment."  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).  The district court's local rules provide that "[w]hen a motion for leave to file a pleading, motion, or other submission is required, an executed copy of the proposed pleading, motion or other submission shall be filed as an exhibit to the motion for leave."

## B.

The court properly denied leave to amend for at least two reasons.  First, Young did not explain how amendment would improve her complaint.  Nor did she describe her proposed amended complaint to the district court, and even on appeal she has not specified how she would change her complaint.  Denial of leave to amend is appropriate where there is no indication that amendment would cure the defects in a complaint.[7]

Second, Young did not comply with the local rules.  She incorrectly requested leave to amend in her response to the motions to dismiss rather than in a separate motion.  And she did not attach her proposed second amended complaint, as required by the rules.  Denial of leave to amend is reasonable where the plaintiff fails to comply with the local rules.[8]

The cases Young cites do not alter that conclusion.  In the first, we commented that, "[a]lthough a court may dismiss the claim, it should not do so

---

[7] *See, e.g.*, *Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 531 (5th Cir. 2004) (per curiam); *Garrett v. Celanese Corp.*, 102 F. App'x 387, 388 (5th Cir. 2004) (per curiam).

[8] *See, e.g.*, *Daniels v. United States*, 45 F. App'x 318 (table), 2002 WL 1860334, at *1 (5th Cir. June 18, 2002) (per curiam); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979) (per curiam).

No. 14-51110

without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). That does not show that Young should have been allowed further amendment, because her continued inability to articulate how amendment would be helpful suggests the defects are incurable. In the second, we noted that "a court ordinarily should not dismiss the complaint except after affording every opportunity (for) the plaintiff to state a claim upon which relief (can) be granted."[9] Even under that approach, Young's failure to specify what her amended complaint would say and noncompliance with the local rules demonstrate that it was proper to deny further leave to amend. There was no abuse of discretion.

AFFIRMED.

---

[9] *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam) (alterations in original) (quoting *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955) (per curiam)).