# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40513
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2018

Lyle W. Cayce
Clerk

JENEBA H. BARRIE,

     Plaintiff - Appellant

v.

NUECES COUNTY DISTRICT ATTORNEY'S OFFICE,

     Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CV-204

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jeneba Barrie brought this employment-discrimination suit under state and federal law against the Nueces County District Attorney's Office. The district court dismissed her claim without prejudice because she sued a nonjural entity. It also denied her leave to amend because she failed to comply with local filing rules. She appeals both orders to this court. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40513

**I.**

We recite the facts as alleged in Barrie's complaint. Barrie, who is African-American, worked as an assistant district attorney at the Nueces County District Attorney's Office ("NCDAO") from March 2015 to April 2016. Despite strong job performance and praise from her superiors, Barrie was regularly passed over for promotions, while her less experienced white colleagues were not. After being passed over several times, Barrie expressed her concerns that she was being discriminated against to the NCDAO's victim coordinator. The victim coordinator took Barrie's concerns to another assistant district attorney, who in turn chastised Barrie for making complaints and told Barrie "that if she wanted to keep her job, she better stop complaining." Feeling that her employment at the NCDAO was not secure, Barrie tendered her resignation in April 2016.

Some time thereafter, Barrie filed a complaint with the EEOC against the NCDAO, alleging racial discrimination under Title VII. The EEOC issued Barrie a right-to-sue letter on March 16, 2017. Shortly thereafter, Barrie timely filed the instant action in the district court, alleging that the NCDAO violated Title VII and Texas's corollary anti-discrimination law by discriminating against her on the basis of race and retaliating against her for complaining about such discrimination.

In her original complaint, Barrie named the "Nueces County District Attorney's Office" as the defendant. She likewise requested that the clerk's office issue a summons to the "Nueces County District Attorney's Office, by and through County Judge Samuel L. Neal, Jr."

In response, the NCDAO filed a motion to dismiss for failure to state a claim on which relief can be granted. In its motion to dismiss, the NCDAO argued, inter alia, that Barrie did not name the proper party in her complaint.

2

No. 18-40513

According to the NCDAO, Texas law does not permit lawsuits against district attorney's *offices*, because a governmental department is not a legal entity capable of suing or being sued. Put another way, Barrie should have sued the "Nueces County district attorney" instead of the "Nueces County District Attorney's Office."[1]

In her response to the NCDAO's motion to dismiss, Barrie attacked the NCDAO's position on the merits. Additionally, Barrie included in her response a perfunctory request for leave to amend, stating "to the extent necessary, the plaintiff affirmatively seeks leave from the court to file an amended complaint which deletes the apostrophe from the end of 'attorney,' the 's,' and the word 'office' from the defendant's name in the style of the case and in the body of the complaint." Barrie attached a proposed amended complaint to her response.

In its response, the NCDAO countered Barrie's arguments on the merits. In equally perfunctory fashion, the NCDAO opposed Barrie's request for leave to amend, arguing that "because Plaintiff has sued a non-jural entity and has not even attempted proper service, filing an amended complaint as suggested by Plaintiff will not cure this defect."

The district court denied Barrie's request for leave to amend and dismissed the complaint without prejudice. Regarding the motion to dismiss, the court agreed with the NCDAO that Barrie failed to allege that it had a separate legal existence and that it was therefore not amenable to suit. On leave to amend, the district court determined that the request failed to comply with the court's local rules for the filing of an amended complaint.[2] Barrie appeals both orders.

---

[1] The NCDAO also argued that service on the county judge was unauthorized, and thus the suit should be dismissed under Rules 12(b)(4) and 12(b)(5).

[2] The district court also preemptively refused a successive request for leave to file an amended complaint, because the deadline for amendments had passed at the time of its order. Because Barrie does not press this argument on appeal, we consider it waived. *See In re Age*

No. 18-40513

## II.

This court reviews a district court's grant of a motion to dismiss under Rule 12(b)(6) de novo. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)). Although we accept all well-pleaded facts as true, the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). We review the denial of a motion for leave to amend for abuse of discretion. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000).

Barrie contends that the district court erred in granting the NCDAO's motion to dismiss.  To this end she argues that (1) she alleged sufficient facts to establish that the NCDAO has a separate legal existence and is therefore capable of being sued; (2)  her naming of the NCDAO in her complaint amounted to a mere misnomer which is not grounds for dismissal; (3) the NCDAO's defense was not properly raised, as such  defenses must be raised under Rule 9(a)(1) instead of 12(b)(6); and (4) the NCDAO's contention that it cannot be sued contradicts the position it has taken in other proceedings and is therefore barred under the doctrine of judicial estoppel. We address each of Barrie's arguments in turn.

First, Barrie argues that her complaint alleged sufficient facts to establish that the NCDAO has a separate legal existence and is thus capable of being sued. "In order for a plaintiff to sue a city department, it must 'enjoy a separate legal existence.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill.

---

*Refining, Inc.*, 801 F.3d 530, 539 & n.23 (5th Cir. 2015); *see also* Fed. R. App. P. 28(a)(5). We similarly will not review the district court's denial of Barrie's motion for a "new trial," since she has failed to brief the issue beyond two short sentences in her discussion of the court's grant of the NCDAO's motion to dismiss.

1979)). Accordingly, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* An entity's capacity to sue or be sued "shall be determined by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). In this case, that law is the law of Texas.

Here, the named defendant is a district attorney's office—a governmental entity. Accordingly, the state of Texas or an authorized political subdivision must have granted it authority to be sued if this lawsuit is to proceed as presently constituted. *See Darby*, 939 F.2d at 313. Neither party cites a law that has authorized the NCDAO to be sued, nor are we aware of any such law. The district court therefore correctly concluded that Barrie did not allege sufficient facts to establish that the NCDAO is amenable to suit.

Next, Barrie contends that her naming of the NCDAO as a defendant was a simple misnomer, and is not grounds for dismissal. The facts of *Darby* foreclose Barrie's characterization. In *Darby* the plaintiff sued the Pasadena Police Department under Title VII. *Id.* Finding that the department did not enjoy a separate legal existence, this court agreed with the district court that the department could not be sued.[3] *Id.* at 14. To characterize the naming of the NCDAO in a complaint as a simple misnomer would contradict this court's precedent. Barrie's contention is therefore without merit. And, if Barrie truly did intend to name the district attorney, rather than the district attorney's

---

[3] It is worth noting that the court in *Darby* ultimately reversed the district court's denial of plaintiff's request for leave to amend. As set forth below, we affirm the district court's denial. Our affirmance is based on an important difference between this case and *Darby*. There was no finding by the lower court in *Darby* that the plaintiff's motion for leave to amend was improperly filed. As explained *infra*, the district court in this case did so find, and this court has found a denial of leave to amend on such a basis to be within the district court's discretion. *See Layfield v. Bill Heard Chevrolet Co.,* 607 F.2d 1097, 1099 (5th Cir. 1979).

office, then the proper remedy would be to amend her complaint to name the proper party—not to allow the suit to move forward under the improper name.

Barrie further argues that the NCDAO's motion to dismiss was procedurally improper and that its defense was therefore waived. According to Barrie, any argument that the defendant cannot be sued must be raised under Federal Rule of Civil Procedure 9(a)(2), not 12(b)(6). Rule 9(a)(2) provides that "[t]o raise any of those issues [including lack of capacity to be sued], a party must do so by specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." Rule 12(b)(6) provides the mechanism for presenting the defense that plaintiff has failed to state a claim upon which relief can be granted. As we have recognized in another context, "[a]lthough Rule 8 and—in specific circumstances—Rule 9 provide the statutory component of the federal pleading standard, Rule 12(b)(6) provides the one and only method for testing whether that standard has been met." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016). Barrie points us to no case where this court, or any other court, has refused a defense of lack of capacity because it was made under Rule 12(b)(6). We will not do so for the first time here.

Finally, Barrie argues that the NCDAO is judicially estopped from asserting that it cannot be sued. Barrie points to (1) the EEOC proceedings that led to this lawsuit and (2) another lawsuit against the NCDAO as instances in which the NCDAO implicitly asserted its capacity to be sued. "Judicial estoppel 'prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.'" *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) (quoting *Ergo Sci., Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996)). The party asserting judicial estoppel must satisfy two requirements: first, the party must show that the position taken by the party to be estopped is clearly

inconsistent with the position it took in the same or some earlier proceeding; second, the party to be estopped must have convinced the court to agree with its earlier position. *Id.*

Barrie first contends that the NCDAO made prior inconsistent statements in the EEOC proceeding that preceded this lawsuit. In her complaint to the EEOC, Barrie named the NCDAO as the respondent. In its response, the NCDAO made no claim that it was not amenable to suit. Instead, it explained the duties of the office, acknowledged that the office was headed by the district attorney, and acknowledged that Barrie was one of its employees. Barrie posits that these remarks amount to an acknowledgement that the NCDAO "is a legal entity, the plaintiff's employer and, therefore, a proper defendant in this case." The NCDAO responds that its representations before the EEOC were not "clearly or irreconcilably inconsistent with [its] position that it is a non-jural entity."

We note at the outset that this circuit has been reluctant to apply judicial estoppel when the party's change in position is implied, rather than express. *In re Oparaji*, 698 F.3d 231, 237 (5th Cir. 2012). Here, the inconsistency asserted by Barrie is, at the very most, implied. But even assuming that the NCDAO's representations before the EEOC amounted to an express acknowledgement of its status as a legal entity, such representations are a far cry from an admission that it is amenable to suit in federal court. Moreover, Barrie does not cite any EEOC regulations or related statutes that require a respondent be a distinct legal entity amenable to lawsuit before an investigation may commence. It is therefore questionable whether the NCDAO was required to raise this defense in the EEOC proceeding. The NCDAO's

No. 18-40513

representations before the EEOC are not clearly and irreconcilably inconsistent with its current position that it is a nonjural entity.[4]

Moreover, even if Barrie could demonstrate that the NCDAO took a clearly contrary position before the EEOC, there is no evidence to suggest that the EEOC relied on the NCDAO's amenability to suit in making its decision. As discussed above, Barrie does not point this court to any regulation or statute that requires EEOC respondents to be amenable to suit in federal court. At no point did the NCDAO argue before the EEOC that it was amenable to suit, nor did the EEOC base its ultimate determination on the notion that the NCDAO could be sued. Indeed, the matter was not mentioned once throughout the proceedings. The NCDAO is therefore not estopped from asserting its defense based on representations it made before the EEOC.

Barrie also cites a recent employment-discrimination case filed against the NCDAO in Texas state court. *Hillman v. Nueces Cty.*, No. 13-16-00012-CV, 2017 WL 2492611 (Tex. App. June 8, 2017). According to Barrie, the NCDAO does not argue in that case "that it does not exist and cannot be sued as a party to a lawsuit because it is non-jural." This is simply not true. Although the NCDAO did not list its lack of capacity to be sued in its list of affirmative defenses,[5] it stated in a footnote in its plea to the jurisdiction that it "reserves the right to seek dismissal of this cause on the alternative ground that it lacks legal capacity to be sued." The NCDAO's inclusion of the footnote in its plea to the jurisdiction forecloses any contention that it took a contradictory position

---

[4] Barrie also argues that denying estoppel here would lead to an absurd result wherein a complaint against the district attorney would be dismissed for failure to exhaust the administrative process. These concerns are overstated. In circumstances where a defendant has been erroneously named in an EEOC charge, courts apply an "identity-of-interests" exception to the exhaustion requirement and allow the case to go forward. *See EEOC. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

[5] Its answer and plea to the jurisdiction focused primarily on lack of subject-matter jurisdiction and sovereign and governmental immunity.

8

in that proceeding. Accordingly, the doctrine of judicial estoppel does not prevent the NCDAO from raising the defense that it is a nonjural entity.

We turn now to the district court's denial of leave to amend. Leave to amend is governed by Rule 15, which provides that a court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this language "evinces a bias in favor of granting leave to amend," leave "should not be given automatically." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982). This circuit has held that a district court may—within its discretion—deny leave to amend because of the moving party's failure to comply with local filing rules. *See Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979); *see also Young v. U.S. Postal Serv. ex rel. Donahoe*, 620 F. App'x 241, 245 (5th Cir. 2015) (unpublished) ("Denial of leave to amend is reasonable where plaintiff fails to comply with local rules.").

Here, the district court denied Barrie's request for leave to amend for that exact reason. In its order, the district court cited the relevant local rule without explaining precisely how Barrie failed to comply with it. In her motion for a "new trial," however, Barrie admits that her motion for leave to amend failed to comply with the local rules. Based on Barrie's admission and a review of the record, it is apparent Barrie failed to attach a proposed order or a certificate of conference to her request for leave, both of which are required by the Southern District of Texas's Local Rule 7. Because the district court found that Barrie's filing was not in compliance with the local rules and had reason to so find, we cannot say that it abused its discretion in denying leave to amend.

Barrie also contends that any deficiencies in her request for leave were "cured" because her motion was unopposed. This argument rests on the false premise that the NCDAO did not oppose Barrie's request. In its reply in support of its motion to dismiss, the NCDAO wrote that "because Plaintiff has sued a non-jural entity and has not even attempted proper service, filing an

amended complaint as suggested by Plaintiff will not cure this defect." True, the NCDAO's opposition to leave to amend may not have been presented in the most explicit terms, but it cannot be taken as a "failure to respond" to Barrie's request. *See* S.D. Tex. L.R.7.4 ("Failure to respond will be taken as a representation of no opposition.").

We therefore conclude that the district court did not abuse its discretion in its denial of Barrie's request for leave to amend and that dismissal of her case without prejudice was appropriate. Accordingly, the judgment of the district court is AFFIRMED.